JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-44 JGB (KKx)** | Date | March 11, 2022 |
| Title | *Cindy Herring v. Californian-Magnolia Convalescent Hospital, Inc., et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 13); (2) GRANTING IN PART AND DENYING IN PART Defendants' Request for Judicial Notice (Dkt. No. 15); (3) DISMISSING AS MOOT Defendants' Motion to Dismiss (Dkt. No. 9); and (4) VACATING the March 14, 2022 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Cindy Herring's motion to remand. ("Motion," Dkt. No. 13.) The Court finds this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion and VACATES the March 14, 2022 hearing. The Court DENIES AS MOOT Defendants' Motion to Dismiss (Dkt. No. 9), and GRANTS IN PART AND DENIES IN PART Defendants' request for judicial notice (Dkt. No. 15).

### I. BACKGROUND

On May 20, 2021, Ms. Herring, individually and as successor in interest to the Estate of Mary Janet Shaw, filed a complaint in the Superior Court of California for the County of Riverside against Californian-Magnolia Convalescent Hospital, Inc. d/b/a Magnolia Rehabilitation and Nursing Center ("CMGH") and Does 1 through 50. ("Complaint," Dkt. No. 1-1 at 17–22.) Ms. Herring alleges wrongful death, elder abuse, and negligence claims, and also asserts a survival cause of action. (See Compl.)

//
//
//

On August 10, 2021, Ms. Herring amended the Complaint to name Defendant Larry Joe Mays as "Doe No. 2." (Dkt. No. 1-1 at 23.) She later substituted Kimberly Sue Richards for "Doe 1", Veronica Sue Mays for "Doe 3", and Magnolia Rehabilitation and Nursing Center (MRNC") for "Doe 4." (Dkt. No. 2; Dkt. No. 1-1 at 87.) On December 9, 2021, Ms. Mays and Ms. Richards signed and returned their notices of acknowledgment of receipt of their summons. (Dkt. No. 1, Ex. A at 103–08.)

On January 7, 2022, CMGH, Ms. Richards, Ms. Mays, and Mr. Mays (collectively, "Defendants") removed the action. ("NOR," Dkt. No. 1.) On February 8, 2022, Ms. Herring filed the Motion. (See Mot.) Defendants opposed on February 18, 2022. ("Opposition," Dkt. No. 14.) In support of the Opposition, Defendants filed a request for judicial notice.[1] ("RJN," Dkt. No. 15.) On February 28, 2022, Ms. Herring replied. ("Reply," Dkt. No. 17.)

## II. LEGAL STANDARD

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Serv., LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

---

[1] Defendants request that the Court take judicial notice of thirty-four documents. With the exception of Exhibit 1, which is the Complaint in this matter, the documents consist of records on file with agencies, publicly available websites, or prior proceedings in federal and state courts. Because these documents are judicially noticeable, the Court GRANTS the RJN with respect to Exhibits 2 to 34. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001) (finding records on file with agencies to be judicially noticeable); Perkins v. LinkedIn Corp., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are judicially noticeable); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts). However, records on a court's own docket in the same matter need not be judicially noticed to be considered. Colodney v. Orr, 2015 WL 1636818, at *1 n.4 (C.D. Cal. Apr. 9, 2015), aff'd, 651 F. App'x 630 (9th Cir. 2016). Accordingly, the Court DENIES the RJN with respect to Exhibit 1.

### III.  DISCUSSION

Defendants removed this action on the basis that: (1) Ms. Herring's state law claims are completely preempted by the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d; (2) her claims raise substantial federal questions; and (3) jurisdiction exists pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  (See NOR.)  Ms. Herring moves to remand the case, arguing that: (1) the PREP Act does not completely preempt her state law claims; (2) her claims do not raise federal questions that implicate the PREP Act; and (3) Defendants did not act at the direction of a federal officer.  (See Mot.)

#### A.  Timeliness of Removal

While not raised in the Motion, the Court first reviews whether Defendants timely removed the action.  A notice of removal must be filed within thirty days after the completion of formal service.  28 U.S.C. § 1446(b)(1).  Ms. Herring served multiple defendants at different times, beginning on August 29, 2021.  (NOR, Ex. A at 2–3.)  Accordingly, removal is timely if the last-served defendant exercises his or removal rights thirty days after being served.  Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011).

In the removal notice, Defendants rely on inapposite authority and incorrect statements of law to argue that they timely removed.  (NOR ¶ 2.)  However, they assert that Ms. Mays and Ms. Richards signed and returned notices of acknowledgement of receipt of their respective summons on December 9, 2021.  (Id.; NOR, Ex. A at 103–108.)  As such, service was completed on December 9, 2021.  See Cal. Civ. P. § 415.30(c) ("Service of summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.").  Because Defendants removed on January 7, 2022, within thirty days of the date of service for the last-served defendants, the Court concludes that removal was timely.

#### B.  Complete Preemption under the PREP Act

Defendants argue, relying primarily on out-of-circuit cases, that the PREP Act completely preempts Ms. Harris's state law claims and provides subject matter jurisdiction.  (NOR ¶¶ 5–81; See Opp'n.)  Ms. Herring argues that her state law claims do not implicate the PREP Act's covered countermeasures.  (Mot. at 5–6.)  Even if they did, she argues that the PREP Act is not a complete preemption statute and that Saldana v. Glenhaven Healthcare LLC, -- F. 4th --, 2022 WL 518989, at *5 (9th Cir. Feb. 22, 2022), forecloses Defendants' preemption arguments.  (Id. at 6–7; Reply at 2–4.)

//
//
//
//
//

This Court has previously considered and denied similar claims by care facilities that the PREP Act completely preempts any state law claim arising from the COVID-19 death of the facilities' residents.  See Vitela v. Silverscreen Healthcare Inc., 2021 WL 4806385, at *2 (C.D. Cal. Oct. 13, 2021); Risner v. Silverscreen Healthcare Inc., 2021 WL 4806371, at *2 (C.D. Cal. Oct. 13, 2021).  In doing so, the Court noted that every court in this District that had considered this same issue found federal jurisdiction lacking and remanded the action—except one.  Vitela, 2021 WL 4806385, at *2 (citing cases); but see Garcia v. Welltower OpCo Grp. LLC, 522 F. Supp. 3d 734, 745 (C.D. Cal. 2021) (deferring to the Office of General Counsel ("OGC") for the U.S. Department of Health and Human Services's ("HHS") statement "that the PREP Act is a complete preemption statute" to deny remand).

As Ms. Herring observes, the Ninth Circuit now joins this authority.  See Saldana, 2022 WL 518989, at *5; Martin v. Filart, 2022 WL 576012, at *1 (9th Cir. Feb. 25, 2022).  In Saldana, the Court considered whether the PREP Act completely preempted the plaintiffs' wrongful death action against a nursing home that allegedly failed to protect a resident from COVID-19.  Saldana, 2022 WL 518989, at *2, 5–6.  After conducting the two-part test for complete preemption articulated in City of Oakland v. BP PLC, 969 F.3d 895, 906 (9th Cir. 2020), the panel held that "the PREP Act is not a complete preemption statute."  Id. at *5.  Moreover, because the claimed jurisdictional basis for removal was complete preemption, Saldana found that the district court properly remanded for lack of subject matter jurisdiction, even if the PREP Act might preempt one of the plaintiff's claims.  Id. at *6.

In Martin, the Ninth Circuit reiterated Saldana's holding that "Congress did not intend to displace the state-law causes of action in the complaint, and Congress did not provide a substitute cause of action."  Martin, 2022 WL 576012, at *1 (citing Saldana, 2022 WL 518989, at *5).  The Martin Court affirmed the district court's order remanding the case for lack of subject matter jurisdiction.

Saldana and Martin clearly reject Defendants' theory of complete preemption.  Defendants' citations to cases that find complete preemption by the PREP Act of state law claims now hold limited relevance, if any.  Nor must the Court give deference to the OGC opinion that the PREP Act is a complete preemption statute, as Defendants contend.  (Opp'n at 6.)  Saldana specifically dismissed this argument, finding that "complete preemption is really a jurisdictional rather than a preemption doctrine," such that "an agency's opinion on federal court jurisdiction is not entitled to Chevron deference."  Saldana, 2022 WL 518989, at *5.  As such, cases affording deference to the OGC opinion to interpret the PREP Act, like Garcia, 522 F. Supp. 3d at 742, no longer apply.  Accordingly, the Court concludes that the PREP Act fails to provide subject matter jurisdiction for Ms. Herring's state law claims.

//
//
//
//
//

**C. Embedded Federal Question Jurisdiction**

The parties next dispute whether Ms. Herring's state law claims have embedded federal questions that provides jurisdiction. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). "[A]ll four of these requirements" must be met to demonstrate a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. "The well-pleaded complaint rule applies when determining whether the embedded federal question doctrine applies." Saldana, 2022 WL 518989, at *6.

As discussed above, Ms. Herring alleges wrongful death, elder abuse, and negligence claims and asserts a survival cause of action. (See Compl.) Defendants assert that these claims necessarily implicate federal law issues because they involve "our country's whole-of-nation response to this global COVID-19 pandemic." (Opp'n at 3.) They contend that federal jurisdiction over Ms. Herring's claims will provide for "a uniform interpretation of the PREP Act" and a more effective response "to an unprecedented pandemic." (Id. at 17.)

The Court disagrees. At base, Ms. Herring complains that Defendants failed to care for Ms. Shaw. She alleges that since Ms. Shaw began to reside at MRNC around November of 2019—before the COVID-19 pandemic began—Defendants "subjected [her] to physical abuse," "depriv[ed] [her] of food and water," "fail[ed] to assist in personal hygiene or the provision of food, clothing, and medical care," "abandon[ed] [her]," and "financial[ly] abus[ed]" her. (Compl. ¶ 8.) Ms. Herring further alleges that when Ms. Shaw tested negative for COVID-19 in April 2020, Ms. Shaw "was left unfed and to wallow in her own excrement with no care," and Defendants "failed to notify any of Shaw's relatives or hospice workers" about these conditions or the lack of care Ms. Shaw received. (Id. ¶¶ 9–10.) These allegations do not necessarily or substantially implicate the regulation of "qualified pandemic or epidemic product[s]" or "security countermeasure[s]," the focus of the PREP Act. 42 U.S.C. §§ 247d-6d(i)(1), (i)(7), (b)(8). Moreover, if the mere fact that a claim relates to issues faced nationwide was sufficient to convert a state law cause of action to a federal question, then "Congress's intended division of labor between state and federal courts" would be severely "disrupt[ed]." Gunn, 568 U.S. at 258.

The Court finds supports for its conclusion in Saldana. There, the Ninth Circuit instructed that "elder abuse, willful misconduct, custodial negligence, and wrongful death" claims "are raised under California law and do not raise questions of federal law on the face of the complaint." Saldana, 2022 WL 518989, at *6. That the PREP Act may give rise to a federal defense also "is not a sufficient basis to find embedded federal question jurisdiction." Id. Accordingly, following Saldana, the Court concludes that "the [C]omplaint does not present an embedded federal question." Id.

//
//

### D. Federal Officer Removal Statute

The Court finally considers whether jurisdiction exists under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). This provision states that a state court action may be removed to federal court when directed against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). "To remove a state court action under the federal officer removal statute, a defendant must establish that '(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense.'" Saldana, 2022 WL 518989, at *3 (citing Stirling v. Minasian, 955 F.3d 795, 800 (9th Cir. 2020)).

The Court finds that Defendants are "person[s]" within the meaning of the federal removal statute. See 1 U.S.C. § 1 ("[T]he word 'person' … include[s] corporations, companies, associations, … , as well as individuals[.]"); see also Saldana, 2022 WL 51898, at *3 (finding that defendant nursing home was a "person").

However, the Court finds that Defendants were not "acting under" a federal officer or agency within the meaning of the federal officer removal statute. "A person or entity who acts under a federal officer or agency is one who lawfully assists a federal officer in the performance of his official duty and is authorized to act with or for federal officers or agents in affirmatively executing duties under federal law." Saldana, 2022 WL 518989, at *3 (quoting Watson v. Philip Morris Cos., 551 U.S. 142, 150 (2007)) (internal alterations and quotation marks omitted). Such actions "typically involve[] subjection, guidance, or control," but "'simply complying' with a law or regulation is not enough." Id. (quoting Watson, 551 U.S. at 152); see also Martin, 2022 WL 576012, at *1 ("[R]ecommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute.").

Here, Defendants assert that they were acting under HHS guidance because MRNC is a residential care facility, which the federal government designated as "critical infrastructure." (Opp'n at 19.) They also note that various federal agencies issued directives that imposed certain requirements on residential care facilities. (Id. at 20.) But Saldana found these exact arguments unavailing. Saldana explained that the "mere designation of an industry as important—or even critical—is [not] sufficient to federalize an entity's operation and confer federal jurisdiction." Saldana, 2022 WL 518989, at *4 (quoting Buljic v. Tyson Foods, Inc., 22 F.4th 730, 740 (8th Cir. 2021)). A facility's compliance with federal directives, memoranda, and additional regulations and recommendations also failed to show "that it was conscripted to assist a federal officer or agency in performance of a government duty." Id. at *3–4. The instant case is no different from Saldana. Therefore, because Defendants did not act under a federal officer, the Court concludes that no causal nexus exists between Defendants' actions and Ms. Herring's claims.

In sum, the Complaint lacks any basis for federal subject matter jurisdiction. Accordingly, the Court GRANTS the Motion.

### E. Attorney's Fees

Ms. Herring requests that the Court award her attorneys' fees under 28 U.S.C. § 1447(c), arguing that Defendants had no objective reasonable basis for removal. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Grancare, LLC v. Thrower, 889 F.3d 543, 552 (9th Cir. 2018) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141, (2005)). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

The Court finds that Defendants' removal was not objectively unreasonable. While, as Ms. Herring notes, Defendants' PREP Act claims went against the weight of authority in this District, the issue of complete preemption was yet unsettled when Defendants removed. Indeed, Saldana was not decided until after Defendants filed their Opposition to Ms. Herring's Motion. Moreover, as the Notice of Removal and Opposition show, there was some case law to support Defendants' arguments for removal. See Ramirez v. Windsor Care Ctr. Nat'l City, Inc., 2022 WL 392899, at 7 (S.D. Cal. Feb. 9, 2022) (denying attorney's fees in PREP Act removal case when "there is no binding precedent on the issues raised by Defendant and at least one district court has agreed with its view concerning the propriety of removal in this type of case"). Accordingly, the Court DENIES Ms. Herring's request for attorney's fees.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and REMANDS the case to the Superior Court of California for the County of Riverside. The Court DENIES the Motion's request for attorney's fees. Because the Court grants Plaintiff's Motion to Remand, the Court DENIES Defendants' Motion to Dismiss AS MOOT. The March 14, 2022 hearing is VACATED.

**IT IS SO ORDERED.**